**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 22-cv-22509-JEM/Becerra

LITTLE RIVER TRANSPORT, LLC

    Plaintiff,

v.

OINK OINK, LLC,

    Defendant.
_____/

**ORDER DENYING RENEWED MOTION TO INTERVENE**

THIS CAUSE came before the Court on non-party Mineral Coals Logistica, SAS's ("MCL") Renewed Motion to Intervene and Stipulation to Consideration by Magistrate Judge ("Renewed Motion to Intervene"), ECF No. [115]. MCL also filed a Proposed Complaint in Intervention, ECF No. [116]. Plaintiff Little River Transport, LLC filed a Response to the Renewed Motion, ECF No. [473]. Defendant Oink Oink, LLC ("Oink") did not file an opposition to the Renewed Motion, and MCL did not file a reply to Little River's Response. For the reasons stated below, the Court **DENIES** MCL's Renewed Motion to Intervene.

**I.   BACKGROUND**

The pending action between Little River and Oink is based upon breach of an escrow agreement. Little River, MCL and Oink entered into a Critical Material Purchase Price Escrow Agreement whereby Little River deposited $6,480,000.00 with Oink, who acted as escrow agent, to secure the purchase price of coal delivery pursuant to a Sale and Purchase Agreement between Little River and MCL. ECF No. [1] at ¶¶ 2-3. The Purchase Agreement, which is not the basis of any claims asserted in the Complaint, required MCL to deliver coal to Little River so that Little

1

River could fulfill a contract to supply coal to a power plant in the Dominican Republic. ECF No. [1] at ¶¶ 2-3, 14. Little River alleges that MCL did not deliver any coal to Little River. *Id*. at ¶ 48.

Little River deposited funds with Oink in two installments. On April 11, 2022, in accordance with the Escrow Agreement, Little River wired $1,020,000.00 to Oink's account at JPMorgan Chase Bank, N.A. ("the First Installment"). ECF No. [1-1] at ¶ 1. The Escrow Agreement did not specify the terms under which Oink is authorized to disburse the First installment. ECF No. [1-1], *generally*.

On May 4, 2022, Little River, MCL and Oink entered into an Amendment to the Escrow Agreement. ECF No. [1-2]. A stated purpose of the Amendment is "[t]he parties [sic] desire to include a new Section as to determine Escrow Disbursement Procedures to be followed by Escrow and Fiduciary Advisor [Oink]." *Id*. at 2. The Amendment modified the payment schedule in the Escrow Agreement such that, in addition to the First Installment, Little River was required to deposit into escrow a second payment of $1,020,000.00 between May 1 and 5, 2022 ("Second Installment"), and a third installment payment of $5,400,000.00 ("Third Installment") when certain conditions, not relevant to the instant Motion, were satisfied. *Id*. at 3. The Amendment also added Section 4 to the Escrow Agreement:

> Upon receipt of a joint written instruction of Buyer and Seller (a "Joint Release Instruction") with respect to the Escrow Funds, the Escrow Agent shall promptly, but in any event within two (2) Business Days after receipt of such Joint Release Instruction, disburse all or part of the Escrow Funds in accordance with such Joint Release Instruction.

*Id*. at 4. The Amendment further specified additional conditions that had to be satisfied before Oink could release the Second Installment. *Id*.

On May 11, 2022, Little River wired the Second Installment of $1,020,000.00 to Oink's account at JPMorgan, as well as an additional $4,380,000.00, for a total of $5,400,000.00. ECF No. [1] at ¶ 29-32. Oink disbursed $1,020,000.00 to MCL, which Little River alleges is a breach of the Escrow Agreement because Oink did not receive a Joint Release Instruction and none of the conditions for release of the Second Installment were met. *Id*. at ¶ 40. After MCL failed to make its first delivery of coal, Little River demanded that Oink return all of Little River's funds that it had deposited into escrow with Oink. *Id*. at ¶¶ 43-44, 49-51. To date, Oink has not returned any of the escrowed funds to Little River. *Id*. at ¶ 51.

## II.   THE INSTANT ACTION

Little River filed this action against Oink on August 9, 2022. The Complaint asserts four causes of action: two claims for breach of the Escrow Agreement based upon Oink's alleged wrongful disbursement of $1,020,000.00 to MCL (Count I), and wrongful withholding of deposited funds for refusing to return the remaining $5.4 million to Little River (Count II). ECF No. [1] at 11-13. Little River further alleges that Oink's conduct constitutes gross negligence, bad faith and willful misconduct. *Id*. at ¶ 52. Count III is a claim for constructive trust over all of the funds that Little River deposited into escrow with Oink, which total $6,420,000.00. *Id*. at 13-14. Count IV is a claim for unjust enrichment with respect to the $4,380,000.00 that Little River deposited in May 2022. *Id*. at 14. Little River seeks, among other relief, judgment against Oink in the amount of $6,420,000.00, plus consequential damages. *Id*. at 15.

In October 2022, counsel for Oink agreed to interplead the remaining escrowed funds (i.e., $5.4 million). ECF No. [27] at 20:24-21:2. Rather than doing so, on October 31, 2022, the parties filed an Emergency Joint Motion to Release Funds and Stipulation to Consideration by Magistrate Judge wherein Little River and Oink requested that the Court enter "an order authorizing the

immediate release of $5,400,000.00 in funds of Little River that were transferred to Oink and which Oink desires to return to Little River." ECF No. [28]. The Emergency Joint Motion explained that Oink notified both Little River and MCL that Oink would return the $5.4 million to Little River unless MCL objected by 4:00 p.m. on October 28, 2022. *Id*. MCL's counsel timely advised Oink's counsel that it objected to the release of the escrowed funds. *Id*. In recognition of MCL's objection, the parties asked the Court to authorize Oink to return the $5.4 million to Little River within forty-eight (48) hours "absent MCL appearing before this Court to Show Good Cause as to why the funds should not be returned to Little River and to assert any claim to these funds." *Id*.

The Court set a hearing on the Emergency Joint Motion for 8:30 a.m. on November 2, 2022. ECF No. [30]. MCL did not appear at the hearing or file any paper objecting to the release of the escrowed funds, nor did it attempt to assert a claim to the escrowed funds. Accordingly, the Court entered an Order Granting the Parties' Emergency Joint Motion to Release Funds requiring Oink to place the $5.4 million in the trust account of Little River's counsel by noon on November 3, 2022. ECF Nos. [32], [35].

A few hours after the Court entered that Order, MCL filed a Verified Limited Motion to Intervene and Stipulation to Consideration by Magistrate Judge. ECF No. [33]. On January 17, 2023, after the Limited Motion to Intervene was fully briefed and after the Court held a hearing on the motion, MCL filed the instant Renewed Motion to Intervene and a Proposed Complaint in Intervention. ECF Nos. [115], [116].

MCL now argues that it is entitled to intervene as of right because (i) its motion is timely, (ii) it has a legally protectable interest in this proceeding "as a signatory to the Escrow Agreement," (iii) it must protect its own interest in the escrowed funds "as damages for Little River's own

4

contractual breaches," and (iv) neither Little River nor Oink can adequately protect its interests. ECF No. [115] at 4-11. MCL alternatively argues that it is entitled to permissive intervention because its motion is timely and "there is no evidence that any party will be prejudiced by MCL's intervention." *Id*. at 11-12.

MCL's Proposed Complaint in Intervention seeks to assert claims against Little River only. ECF No. [116], *generally*. It does not name Oink as a defendant, does not seek to assert any claims against Oink, and does not allege that MCL is entitled to receive the escrowed funds. *Id*. Specifically, the Proposed Complaint raises four claims against Little River: breach of the Coal Purchase Agreement (referred to above as the Purchase and Sale Agreement) between MCL and Little River (Count I), breach of the Escrow Agreement (Count II), breach of the implied covenant of good faith and fair dealing with respect to the Coal Purchase Agreement (Count III), and breach of the implied covenant of good faith and fair dealing with respect to the Escrow Agreement (Count IV). *Id*. at 6-10.

Count I alleges that Little River breached the Coal Purchase Agreement because it failed to timely make the Second Installment payment and, "as a result of its inability to show proof of funds, MCL could not source the coal and it was subsequently sold to a third party." *Id*. at ¶¶ 36-37. Although Count II is styled as a claim for breach of the Escrow Agreement, MCL alleges that it "has been damaged as a result of Little River's failure to timely make payment arrangements which constituted a breach of the *Coal Purchase Agreement*." *Id*. at ¶ 50 (emphasis added). Count III asserts that Little River "is in violation of the payment requirements set forth in Article 9 of the Coal Purchase Agreement" and, as a result, MCL "has been damaged." *Id*. at ¶¶ 54, 56. Finally, as with Count II, although Count IV purportedly concerns the Escrow Agreement, MCL alleges that "[a]s a result of Little River's failure to honor the terms of the *Coal Purchase Agreement*'s

payment provisions, MCL has been damaged." *Id*. at ¶ 64 (emphasis added). The relief that MCL seeks is a judgment against Little River, plus prejudgment interest, reasonable attorneys' fees and costs. ECF No. [116] at Counts I-IV. In sum, the Proposed Complaint focuses on the conduct of Little River and MCL, rather than the conduct of Oink as escrow agent, and fails to assert a claim that Oink is required to disburse the $5.4 million in escrowed funds to MCL under the terms of the Escrow Agreement.

Little River opposes the Renewed Motion and argues that MCL is not entitled to intervene as of right because (i) its motion is untimely, (ii) MCL has not asserted a legally protectable interest because it "nowhere identifies any *present* claim to the funds, only a *conditional* claim for damages for an alleged breach of contract …," (iii) disposition of Little River's claims against Oink will not impair MCL's ability to protect its interests because the only interest that MCL has asserted in the escrowed funds is "to secure *collection* of a *potential … future* judgment by MCL against Little River for wholly distinct breaches of contract …," and (iv) Little River will be prejudiced by intervention because it would "frustrat[e] a Court approved partial settlement of the claims as between Little River and Defendant Oink …." ECF No. [121] at 5-13. Little River also argues that MCL is not entitled to permissive intervention because the claims asserted in the Proposed Complaint "do ***not*** share any common issues of law or fact with Little River's pending against Defendant Oink for Oink's misconduct …." and intervention would prejudice Little River. *Id*. at 3.

## III.  ANALYSIS

MCL proposes both intervention as a matter of right and permissive intervention. For the reasons below, intervention should not be permitted.

6

A. **Intervention As Of Right**

Federal Rule of Civil Procedure 24(a)(2), governing intervention as of right, provides that:

> On timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest

FED. R. CIV. P. 24(a)(2). As such, a party seeking intervention as of right must demonstrate that: "(1) [its] application is timely; (2) [it] has an interest relating to the property or transaction which is the subject of the action; (3) [it] is so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [its] interest is represented inadequately by the existing parties to the suit." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) (citations omitted). MCL bears the burden of establishing each of these four requirements. *Id*. at 1512 ("In this circuit, a movant must establish the following requirements to intervene as of right under Federal Rule of Civil Procedure 24(a)(2)[.]"). Indeed, the absence of even one requirement requires the Court to deny intervention. *See Athens Lumber Co., Inc. v. Federal Election Com'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) ("[f]our requirements must be met before an applicant may be entitled to intervention of right[ ]"); *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) (intervention is allowed "[i]f he establishes *each* of the four requirements[ ]") (emphasis added); *Purcell*, 85 F.3d at 1512 ("Once a party establishes *all* the prerequisites to intervention, the district court has not discretion to deny the motion.") (quoting *United States v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994)) (emphasis added). As explained below, MCL fails to satisfy the second and third requirements of intervention as of right.[1]

---

[1] The Court recognizes that Little River challenges all of the prerequisites to intervention, including that the Renewed Motion is untimely. However, given that MCL has clearly failed to meet its

The second requirement, that the movant have "an interest relating to the property or transaction which is the subject of the action," FED. R. CIV. P. 24(a)(2), requires the movant to identify a "direct, substantial, legally protectable interest in the proceeding" such that the movant "must be at least ... [a] real part[y] in interest in the transaction which is the subject of the proceeding." *Chiles*, 865 F.2d at 1214. However, an interest in funds as a judgment creditor is an economic interest which does not constitute a legally protectable interest for purposes of intervention. *See American Guarantee & Liability Ins. Co. v. Estime-Thompson, P.A.*, No. 08-cv-21626, 2008 WL 11333273, at *2 (S.D. Fla. Sept. 16, 2008) (recognizing that "[i]t is well established that in this circuit a legally protectable interest is something more than an economic interest" and denying intervention because "the basis for [movant's] claim is a pure economic interest in the Policy proceeds as a judgment creditor.") (citation omitted); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) ("[Movant] fails to cite any *legally* protectable interest and states only that there will be less money available from which he can recover wrongful death damages…."). Moreover, an economic interest that is contingent on the outcome of other litigation is speculative and similarly does not constitute a legally protectable interest under Rule 24(a)(2). *See Mt. Hawley*, 425 F.3d at 1311 (denying intervention and stating "[movant's] interest is purely speculative because it is contingent upon his prevailing against [defendant] in the [other pending] action."); *Laube v. Campbell*, 215 F.R.D. 655, 657 (M.D. Ala. 2003) ("Interests that are contingent upon some future events and which are purely a matter of speculation are not the kind of protectable interest necessary to support intervention as of right.") (citation omitted).

---

burden with respect to the second and third requirements, it is unnecessary for the Court to address the remaining requirements for intervention (i.e., timeliness and adequacy of representation).

MCL's Proposed Complaint itself makes clear that MCL cannot meet the second requirement. The Proposed Complaint does not assert any claim to or seek recovery of the escrowed funds. ECF No. [116], *generally*. Instead, it seeks unspecified damages against Little River for a purported breach of the Coal Purchase Agreement. *Id*. at Counts I-IV. The alleged breach is Little River's "failure to timely make payment arrangements" which purportedly rendered MCL unable to source the coal. *Id*. at ¶¶ 37-38, 50; *see also Id*. at ¶ 54 ("Specifically, Little River is in violation of the payment requirements set forth in Article 9 of the Coal Purchase Agreement."); ¶ 64 ("As a result of Little River's failure to honor the terms of the Coal Purchase Agreement's payment provisions, MCL has been damaged."). It is telling that more than six months after this lawsuit was filed, MCL still has not asserted a claim to the *res* at issue in this case. When measured against the Proposed Complaint, MCL's conclusory argument that "[a]s a signatory to the Escrow Agreement, without more, MCL has a legally protectable interest," ECF No [115] at 9, is not sufficient.

MCL's other argument similarly reveals the deficiency of its position. MCL argues that intervention is necessary so that it can "protect its own interest in the funds in question as damages for Little River's own contractual breaches." *Id*. at 10. However, the weight of authority establishes that a movant who asserts an interest in funds as a potential judgment creditor does not hold a "direct, substantial, legally protectable interest" in the proceeding. *See e.g., Mt. Hawley*, 425 F.3d at 1311; *Estime-Thompson*, 2008 WL 11333273 at *2 (denying intervention because "[t]he basis for [non-party's] argument is even more attenuated – they have only made a claim against the Policy proceeds and … are not even judgment creditors. Thus, [movant's] 'interests' are both economic *and* speculative."). In short, MCL has offered no support for its contention that merely being a signatory to an escrow agreement, without actually asserting a claim against the

escrow agent for disbursement of the escrowed funds, is sufficient to justify intervention. For these reasons, MCL has failed to meet its burden to establish that it has "an interest relating to the property or transaction which is the subject of the action" within the meaning of Rule 24(a)(2).

Additionally, MCL has not met its burden to establish that disposition of this action, as a practical matter, may impair or impede its ability to protect its purported interest (the third requirement for intervention as of right). FED. R. CIV. P. 24(a)(2). Even if Little River prevails in this action and Oink returns all of the escrowed funds to Little River, that will not impair MCL's ability to pursue its claims against Little River for breach of the Sale and Purchase Agreement or to execute upon any money judgment that it might obtain. The Proposed Complaint makes clear that MCL is not asserting a claim against Oink for disbursement of the escrowed funds, and the damages that MCL seeks from Little River are not the specific funds that Little River placed in escrow with Oink. *See* ECF No. [116]. Thus, should MCL eventually obtain a judgment against Little River, it can satisfy that judgment from whatever assets Little River may have at that time.[2]

For the reasons explained above, the Court concludes that MCL is not entitled to intervene in this action as a matter of right.

### B.    Permissive Intervention

Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides in pertinent part that "[o]n timely motion, the court may permit anyone to intervene who: .... (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "Permissive intervention under [Rule] 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention

---

[2] It is also notable that MCL does not contend that its damages against Little River for breach of contract total at least $5.4 million, the amount of escrowed funds that Oink retained. *Id.*

will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley*, 425 F.3d at 1312.  However, "it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dept. of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (citation omitted).

MCL makes no attempt to satisfy this standard.  It completely fails to address the "common question of law or fact" requirement and, as for undue prejudice or delay, offers only the conclusory assertion that "there is no evidence that any party will be prejudiced by MCL's intervention." ECF No. [115] at 12.  Perhaps MCL fails to address this issue because, in fact, the Proposed Complaint and the underlying action do not have common questions of law or fact.  Indeed, it is difficult to discern any meaningful overlap between the relevant facts or applicable legal principles.  This action focuses on the terms of the Escrow Agreement and Oink's alleged misconduct in handling the escrowed funds, an action that MCL apparently does not seek to join.  In contrast, the Proposed Complaint focuses on the terms of the Coal Purchase Agreement and Little River's conduct in allegedly failing to comply with that Agreement.  *Compare* ECF No. [1] *with* ECF No. [116].  Indeed, given the material differences between the Proposed Complaint and Little River's Complaint, most of the relevant witnesses and necessary discovery would be distinct. "If a proposed intervenor would add additional witnesses, delay the discovery process, require additional discovery, or otherwise prolong litigation, permissive intervention should be denied." *Vazzo v. City of Tampa*, No. 8:17-cv-2896-T-36AAS, 2018 WL 1629216, at *5 (M.D. Fla. Mar. 15, 2018) (citations omitted).

Accordingly, MCL has not established entitlement to permissive intervention.

### IV. CONCLUSION

For the foregoing reasons, MCL's Renewed Motion for Intervention, ECF No. [115], is **DENIED**. In light of the Renewed Motion, the Court **FURTHER ORDERS** that MCL's Verified Limited Motion to Intervene, ECF No. [33], is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida on April 13, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**