UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 22-cv-22509-JEM/Becerra

LITTLE RIVER TRANSPORT, LLC

    Plaintiff,

v.

OINK OINK, LLC,

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS ON MOTIONS TO DISMISS

THIS CAUSE came before the Court on Defendant Oink Oink LLC's Motion to Dismiss, ECF No. [13], and Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [53]. Plaintiff Little River Transport, LLC filed a Response to both Motions, and Oink filed Replies. ECF Nos. [15], [18], [86], [95]. The undersigned heard oral argument on the Motions. ECF No. [120]. The initial Motion to Dismiss argues that dismissal is warranted because Little River failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failed to join an indispensable party, Mineral Coal Logistica, SAS ("MCL"). ECF No. [13], *generally*. The Motion to Dismiss for Lack of Subject Matter Jurisdiction relies exclusively upon the indispensable party argument and contends that joinder of MCL as a plaintiff, which is purportedly required, destroys diversity jurisdiction. ECF No. [53], *generally*. At the hearing, Oink conceded that it is no longer relying upon Rule 12(b)(6) as a basis for dismissal. ECF No. [120] at 40: 13-22. Accordingly, the issue before the Court is whether MCL is an indispensable party under Federal Rule of Civil Procedure 19(a)(1) and, if so, whether joinder of MCL destroys diversity jurisdiction such that the action must be dismissed for lack of subject matter jurisdiction.

1

For the reasons explained below, the undersigned concludes that MCL is not an indispensable party and, even it was, MCL would be joined as a defendant because its interests are adverse to Little River's interests, thereby preserving diversity jurisdiction. Therefore, it is **RECOMMENDED** that both Motions to Dismiss, ECF Nos. [13], [53], be **DENIED**.

## I. BACKGROUND

The pending action between Little River and Oink is based upon breach of an escrow agreement. Little River, MCL and Oink entered into a Critical Material Purchase Price Escrow Agreement whereby Little River deposited $6,480,000.00 with Oink, acting as an escrow agent, to secure the purchase price of coal that was to be delivered by MCL to Little River pursuant to a Sale and Purchase Agreement between Little River and MCL. ECF No. [1] at ¶¶ 2-3. The Sale and Purchase Agreement, which is not the basis of any claims asserted in the Complaint, required MCL to deliver coal to Little River so that Little River could fulfill its contract to supply coal to a power plant in the Dominican Republic. ECF No. [1] at ¶¶ 2-3, 14. Little River alleges that MCL did not deliver any coal to Little River. *Id*. at ¶ 48.

On April 11, 2022, in accordance with the Escrow Agreement, Little River wired $1,020,000.00 to Oink's account at JPMorgan Chase Bank, N.A. ("the First Installment"). ECF No. [1-1] at ¶ 1. The Escrow Agreement did not specify the terms under which Oink is authorized to disburse the First Installment. ECF No. [1-1], *generally*.

On May 4, 2022, Little River, MCL and Oink entered into an Amendment to the Escrow Agreement. ECF No. [1-2]. A stated purpose of the Amendment is "[t]he parties [sic] desire to include a new Section as to determine Escrow Disbursement Procedures to be followed by Escrow and Fiduciary Advisor [Oink]." *Id*. at 2. The Amendment modified the payment schedule in the Escrow Agreement such that, in addition to the First Installment, Little River was required to

deposit into escrow a second payment of $1,020,000.00 between May 1 and 5, 2022 ("Second Installment"), and a third installment payment of $5,400,000.00 ("Third Installment") when certain conditions, not relevant to the instant Motion, were satisfied. *Id*. at 3. The Amendment also added Section 4 to the Escrow Agreement:

> Upon receipt of a joint written instruction of Buyer and Seller (a "Joint Release Instruction") with respect to the Escrow Funds, the Escrow Agent shall promptly, but in any event within two (2) Business Days after receipt of such Joint Release Instruction, disburse all or part of the Escrow Funds in accordance with such Joint Release Instruction.

*Id*. at 4. The Amendment further specified additional conditions that had to be satisfied before Oink could release the Second Installment. *Id*.

On May 11, 2022, Little River wired the Second Installment of $1,020,000.00 to Oink's account at JPMorgan, as well as an additional $4,380,000.00, for a total of $5,400,000.00. ECF No. [1] at ¶ 29-32. Oink disbursed $1,020,000.00 to MCL, which Little River alleges is a breach of the Escrow Agreement because Oink did not receive a Joint Release Instruction and none of the conditions for release of the Second Installment were met. *Id*. at ¶ 40. After MCL failed to make its first delivery of coal, Little River demanded that Oink return all of Little River's funds that it had deposited into escrow with Oink. *Id*. at ¶¶ 43-44, 49-51. To date, Oink has not returned any of the escrowed funds to Little River. *Id*. at ¶ 51.

## II. THE INSTANT ACTION

Little River filed this action against Oink on August 9, 2022 based upon diversity jurisdiction. ECF No. [1]. Little River is a limited liability company, whose sole member is a corporation incorporated in the state of Wyoming. *Id*. at ¶ 10. Oink is a limited liability company whose members are citizens of the Republic of Colombia and the Republic of Costa Rica. *Id*. at ¶ 9. MCL is a citizen of the Republic of Colombia. ECF No. [116] at ¶ 9.

The Complaint asserts four causes of action against Oink: two claims for breach of the Escrow Agreement based upon Oink's alleged wrongful disbursement of $1,020,000.00 to MCL (Count I), and wrongful withholding of deposited funds for refusing to return the remaining $5.4 million to Little River (Count II). ECF No. [1] at 11-13. Little River further alleges that Oink's conduct constitutes gross negligence, bad faith and willful misconduct. *Id*. at ¶ 52. Count III is a claim for constructive trust over all of the funds that Little River deposited into escrow with Oink, which total $6,420,000.00. *Id*. at 13-14. Count IV is a claim for unjust enrichment with respect to the $4,380,000.00 that Little River deposited in May 2022. *Id*. at 14. Little River seeks, among other relief, judgment against Oink in the amount of $6,420,000.00, plus consequential damages. *Id*. at 15.

    A.    **Oink's Alleged Misappropriation Of Escrowed Funds**

In October 2022, counsel for Oink informed the Court that it would interplead the remaining escrowed funds (i.e., $5.4 million). ECF No. [27] at 20:24-21:2. However, rather than doing so, on October 31, 2022, the parties filed an Emergency Joint Motion to Release Funds and Stipulation to Consideration by Magistrate Judge wherein Little River and Oink requested that the Court enter "an order authorizing the immediate release of $5,400,000.00 in funds of Little River that were transferred to Oink and which Oink desires to return to Little River." ECF No. [28]. The Emergency Joint Motion explained that Oink notified both Little River and MCL that Oink would return the $5.4 million to Little River unless MCL objected by 4:00 p.m. on October 28, 2022. *Id*. MCL's counsel contacted Oink's counsel and advised that it objected to the release of the escrowed funds. *Id*. In recognition of MCL's objection, the parties asked the Court to authorize Oink to return the $5.4 million to Little River within forty-eight (48) hours "absent MCL appearing

before this Court to Show Good Cause as to why the funds should not be returned to Little River and to assert any claim to these funds." *Id*.

The undersigned set a hearing on the Emergency Joint Motion for 8:30 a.m. on November 2, 2022. ECF No. [30]. MCL did not appear at the hearing or file any objection to the release of the escrowed funds, nor did it attempt to assert a claim to the escrowed funds. Accordingly, the undersigned entered an Order Granting the Parties' Emergency Joint Motion to Release Funds requiring Oink to place the $5.4 million in the trust account of Little River's counsel by noon on November 3, 2022. ECF Nos. [32], [35].

Oink did not transfer the funds as required by the Order. Evidence adduced in this proceeding has revealed that Oink's Executive Chairman, Cesar David Espitia, previously transferred the $5.4 million into his personal checking account at JP Morgan Chase Bank and thereafter transferred the funds into a brokerage account with JP Morgan Securities titled in his personal name where he traded with the monies. ECF No. [50]. Mr. Espitia also appears to have used the escrowed funds to secure a $3.4 million Line of Credit with JP Morgan, of which Mr. Espitia has drawn down $3.36 million. ECF No. [77] at 2. On November 9, 2022, the undersigned entered an Order holding Oink in contempt "for its failure to comply with the Court's Orders requiring it to transfer the funds at issue to Plaintiff's counsel trust account." ECF No. [47]. Oink remains in contempt of that Order and, to date, has not transferred the monies at issue into the trust account of Little River's counsel.

### B. MCL's Appearance In The Instant Matter

Several hours after the undersigned entered the Order Granting the Parties' Emergency Joint Motion to Release Funds, MCL filed a Verified Limited Motion to Intervene and Stipulation to Consideration by Magistrate Judge. ECF No. [33]. On January 17, 2023, after the Limited

5

Motion to Intervene was fully briefed and after the Court held a hearing on the motion, MCL filed a Renewed Motion to Intervene and a Proposed Complaint in Intervention. ECF Nos. [115], [116].

The claims MCL sought to assert in its Proposed Complaint in Intervention are claims against Little River only. ECF No. [116], *generally*. It does not name Oink as a defendant, does not seek to assert any claims against Oink, and does not allege that MCL is entitled to receive the escrowed funds. *Id*. The Proposed Complaint seeks to raise four claims against Little River: breach of the Coal Purchase Agreement (referred to above as the Purchase and Sale Agreement) between MCL and Little River (Count I), breach of the Escrow Agreement (Count II), breach of the implied covenant of good faith and fair dealing with respect to the Coal Purchase Agreement (Count III), and breach of the implied covenant of good faith and fair dealing with respect to the Escrow Agreement (Count IV). *Id*. at 6-10.

Specifically, Count I of the Proposed Complaint alleges that Little River breached the Coal Purchase Agreement because it failed to timely make the Second Installment payment and, "as a result of its inability to show proof of funds, MCL could not source the coal and it was subsequently sold to a third party." *Id*. at ¶¶ 36-37. Although Count II is styled as a claim for breach of the Escrow Agreement, MCL alleges that it "has been damaged as a result of Little River's failure to timely make payment arrangements which constituted a breach of the *Coal Purchase Agreement*." *Id*. at ¶ 50 (emphasis added). Count III asserts that Little River "is in violation of the payment requirements set forth in Article 9 of the Coal Purchase Agreement" and, as a result, MCL "has been damaged." *Id*. at ¶¶ 54, 56. Finally, as with Count II, although Count IV purportedly concerns the Escrow Agreement, MCL alleges that "[a]s a result of Little River's failure to honor the terms of the *Coal Purchase Agreement*'s payment provisions, MCL has been damaged." *Id*. at ¶ 64 (emphasis added). In short, the relief that MCL seeks is a judgment against

Little River, plus prejudgment interest, reasonable attorneys' fees and costs.  ECF No. [116] at Counts I-IV.

By separate Order, the undersigned denied MCL's Renewed Motion to Intervene.  ECF No. [135].  The undersigned concluded that MCL did not establish that it had "an interest relating to the property or transaction which is the subject of th[is] action" because MCL did not make a claim to the escrowed funds and only asserted an interest in the funds as a potential judgment creditor, which is legally insufficient to constitute a "direct, substantial, legally protectable interest" in the proceeding. *Id*. at 8-9.  The undersigned also concluded that MCL failed to establish that disposition of this action in its absence would impair or impede its ability to protect its interest (assuming it had one) in the escrowed funds because, even if MCL eventually obtains a judgment against Little River, it can satisfy that judgment from Little River's assets irrespective of whether Oink returns the escrowed funds to Little River. *Id*. at 10.

In sum, while this action concerns Little River's claims against Oink for return of the $6.4 million that it placed in escrow on the basis that Oink failed to comply with the terms of the Escrow Agreement, MCL did not assert, or even attempt to assert, any claim to the escrowed monies despite ample opportunity to do so.

### C. The Motions To Dismiss

Oink seeks to dismiss the Complaint on the grounds that Little River failed to join MCL, which Oink contends is an indispensable party, and joinder of MCL as a plaintiff deprives the Court of subject matter jurisdiction because it destroys diversity jurisdiction.  ECF Nos. [13], [53].  Oink argues that MCL is an indispensable party because it is a party to the Escrow Agreement with an identifiable interest in the *res*.  ECF No. [53] at 3.  Oink further argues that MCL must be named as a plaintiff in this action because MCL and Little River have competing interests in the

7

same escrowed funds. *Id*. at 6-7. If MCL is joined as a Plaintiff, Oink argues that the Court lacks subject matter jurisdiction because the presence of "[a]n alien on both sides of a dispute defeats diversity jurisdiction." *Id*. at 7.

Little River opposes the Motions to Dismiss. ECF Nos. [15], [86]. It argues that MCL is not an indispensable party because it has "failed to assert any claim to the Escrowed Funds," and Little River's claims in this lawsuit are based upon the terms of the Escrow Agreement and the misconduct of Oink in allowing its Executive Chairman to misappropriate the monies, rather than any misconduct on the part of MCL. ECF No. [86] at 3, 5-8. Little River also argues that even if MCL is an indispensable party, it would be joined as a defendant because its interests are adverse to Little River's interests in the escrowed funds and, as such, diversity jurisdiction remains intact. *Id*. at 8-9. Finally, Little River argues that even if MCL is a necessary party whose joinder divests the Court of subject matter jurisdiction, the action should proceed without MCL under Rule 19(b) of the Federal Rules of Civil Procedure. *Id*. at 9-11.

### III.    ANALYSIS

Oink moves to dismiss the Complaint under Rule 12(b)(7) of the Federal Rules of Civil Procedure, which provides for dismissal for "failure to joining a party under Rule 19." FED. R. CIV. P. 12(b)(7). "[D]ismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party." *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386, at *2 (S.D. Fla. Aug. 7, 2009) (citing *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003)). Rule 19 of the Federal Rules of Civil Procedure governs joinder of necessary parties. It sets forth a two-part analysis: "[f]irst, the court must determine [under Rule 19(a)] whether the person in question should be joined" and second, "if the person should be joined, but for some reason cannot be, the court must analyze the factors

outlined in Rule 19(b)" to determine whether the action should proceed among the existing parties. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

Rule 19(a)(1) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Thus, as a threshold matter, the undersigned must determine whether MCL is a necessary party to this action. As explained below, it is not.

### A. MCL Is Not A Necessary Party To This Action.

"A party is considered 'necessary' to the action, and thus should be joined if feasible, if the court determines either that complete relief cannot be granted with the present parties or that the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc*, 182 at 847. Oink bears the burden to show that MCL is a necessary party. *See Solnes v. Wallis & Wallis, P.A.,* No. 13-cv-61225, 2013 WL 3771341, at *3 (S.D. Fla. July 18, 2013) ("The party seeking joinder under Rule 19(a) bears the burden of demonstrating the indispensable nature of the party sought to be joined.") (citing *Molinos Valle del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1345 (11th Cir.2011)). Oink offers three reasons why MCL is a necessary party: (1) "any relief afforded to Little River in this action would necessarily be based on the legal conclusion that MCL

9

is not entitled to the escrow funds," (2) the Court cannot afford complete relief because "any disbursement of the escrowed funds requires **joint** written instruction of the parties, e.g., MCL's signature is required," and (3) "affording the relief requested by [Little River] would subject Escrow Agent to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the possible liability to [MCL] for failure to adhere to the terms of the Escrow Agreement." ECF Nos. [13] at 11-12, [53] at 4-5. Given the record before the Court, none of these reasons have merit.

Oink's first and third arguments assume and are predicated on the assumption that MCL has a claim to the *res*. The Court does not have to speculate as to whether any claim exists. Indeed, MCL has made it abundantly clear that it is *not* claiming entitlement to the escrowed monies. It did not argue in either of its two Motions to Intervene that Oink must disburse the remaining escrowed funds to MCL rather than to Little River. *See* ECF Nos. [33], [115]. Even more telling is that MCL's Proposed Complaint in Intervention did not attempt to assert *any* claim against Oink, and its proposed claims against Little River do *not* request recovery of the $5.4 million that Little River deposited with Oink. *See* ECF No. [116]. The Proposed Complaint makes clear that MCL sought to recover damages from Little River for alleged contractual breaches, not recovery of the escrowed funds.

Indeed, in its Renewed Motion to Intervene, MCL explained that its interest in the escrowed funds is as a potential judgment creditor. ECF No. [53] at 10 (seeking intervention as of right to "protect its own interest in the funds in question as damages for Little River's own contractual breaches."). This further undermines Oink's argument that MCL is an indispensable party because a future potential economic interest is "too speculative to establish a Rule 19(a) interest." *Fastcase, Inc. v. Lawriter LLC*, No. 17-cv-414-TCB, 2019 WL 13210381, at *2 (N.D.

10

Ga. May 13, 2019) (collecting cases); *see also Mid-Continent Cas. Co.*, 2009 WL 2450386 at *3 ("A purely economic interest in recovering funds might be sufficient to get past the threshold condition of Rule 19(a)(2), but not where, as here, the interest is still contingent upon obtaining a judgment against the insured.") (citations omitted).

Although at one point early in this suit MCL communicated to Oink's counsel that it objected to Oink's disbursement of escrowed funds, MCL ultimately sought intervention and put its positions on the record. As noted above, it never made a claim to those monies despite repeated opportunities to do so. MCL's failure to assert a claim to the *res* completely undermines Oink's argument that MCL "claims an interest relating to the subject of the action and is so situated that disposing of the action in [MCL's] absence [w]ill work a prejudice on [MCL]" such that MCL is a necessary party. ECF No. [13] at 12.[1] Indeed, given the record, Oink's persistence as to this issue appears entirely unfounded.

Oink's other argument, that complete relief cannot be afforded in this action without the participation of MCL, is unavailing. Oink argues that MCL is a necessary party because the Escrow Agreement requires a joint written instruction for disbursement of funds. ECF No. [13] at 12. It is unclear how this mandates joinder of MCL, and Oink makes no effort to explain its conclusory assertion. Whether Little River and MCL previously provided a joint instruction is not dependent upon MCL joining this action, and there is no request for injunctive relief requiring MCL to execute a joint instruction in the future. Finally, Oink's argument ignores the fact that Little River also seeks return of the escrowed funds based upon Oink's own alleged gross

---

[1] Given MCL's failure to assert a claim to the *res*, the primary case that Oink relies upon, *Loxahatchee River Environmental Control District v. Martin County Little Club, Inc.*, is distinguishable because there, unlike here, the non-party affirmatively sought recovery of the escrowed funds. *Loxahatchee River Environmental Control District*, 409 So.2d 135, 136-37 (Fla. 4th DCA 1982).

negligence, bad faith or willful conduct, including the alleged misappropriation of funds for the benefit of Oink's Executive Chairman, Mr. Espitia, which has nothing to do with MCL.  In short, Oink has not shown why Little River could not obtain complete relief absent MCL, particularly since MCL has not made a claim to the escrowed funds.

The failure of MCL to assert a claim to the escrowed funds similarly defeats Oink's last argument, that joinder of MCL is necessary so that Oink is not subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  Again, Oink does nothing to explain the basis of its conclusory assertion, which is flatly contradicted by MCL's Proposed Complaint which asserts *no* claim against Oink, and even MCL's proposed claims against Little River do not seek recovery of the escrowed funds.  Oink's argument is speculative, which cannot form the basis of joinder under Rule 19(a).  *See e.g., In re Torcise*, 116 F.3d 860, 866-67 (11th Cir. 1997) (affirming denial of joinder because "[movant's] claims of multiple exposure are purely speculative.  There is no substantial risk of [movant] incurring multiple, inconsistent obligations as a result of absentee [non-party's] alleged interest.") (citations omitted).

For the foregoing reasons, the undersigned concludes that MCL is not a necessary party to this action.

      **B.**    **Even if MCL Was a Necessary Party, Joinder Would Not Destroy Diversity Jurisdiction**

Assuming that MCL is a necessary party, Oink argues that it must be joined as a plaintiff and, because MCL is a Colombian corporation, joinder destroys diversity jurisdiction because there cannot be an alien on both sides of a dispute. ECF No. [53] at 6-7.  The alignment of parties for purposes of diversity jurisdiction "is not determined by mechanical rules [and] must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute." *St. Paul Fire and Marine Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 890

F.3d 1265, 1269 (11th Cir. 2018) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). "The generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (citation omitted).

The purpose of this lawsuit is to recover the monies that Little River placed in escrow with Oink. If Little River and MCL were to both claim entitlement to the escrowed funds, a claim that MCL clearly has not made despite ample opportunity, MCL's interests in the outcome would be adverse to that of Little River. Federal courts are required to align the parties in an action "to reflect their interests in the litigation." *St. Paul Fire and Marine Ins. Co.*, 890 F.3d at 1269. As such, MCL and Little River would be on opposite sides of the dispute, thereby preserving diversity jurisdiction.[2] *See e.g., True, Entrekin & White, P.C. v. Magid*, 220 F. Supp. 2d 887, 889-90 (M.D. Tenn. 2002) (in interpleader action by escrow agent, realigning defendants which both claimed an interest in the escrowed funds "as opposing parties for purposes of determining diversity jurisdiction."); *Estate of Harris v. Eichelberger*, No. 3:21-cv-306-DPJ-FKB, 2021 WL 5771924, at *5 (S.D. Miss. Dec. 6, 2021) (rejecting argument that non-parties should be joined as plaintiffs, which would destroy diversity jurisdiction, because plaintiff and non-parties did not share same ultimate interests in the outcome of the action).

## IV. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. [13], and Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [53], both be **DENIED**.

---

[2] Given that MCL failed to meet its burden under Rule 19(a) and, in any event, joinder would not destroy diversity jurisdiction, it is unnecessary to address Little River's alternative argument that the action should proceed in MCL's absence pursuant to the factors outlined in Rule 19(b).

V. **OBJECTIONS**

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on April 13, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**