UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-cv-22509-JEM/Becerra

LITTLE RIVER TRANSPORT, LLC,

    Plaintiff,
v.

OINK OINK, LLC,

    Defendant.
_____ /

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
VARIOUS PENDING MOTIONS FOR SANCTIONS AND
FOR ENTRY OF DEFAULT JUDGEMENT AGAINST OINK OINK, LLC**

**THIS CAUSE** came before the Court for a Status Conference on July 28, 2023, where the Court address various pending motions.[1] Specifically, the Court has before it: 1) Plaintiff's Motion for Sanctions, ECF No. [38], which the Court granted in part and the balance of which was denied without prejudice, ECF Nos. [40], [43], and which Plaintiff has renewed, and 2) Plaintiff's *Ore Tenus* Motion for Sanctions for Defendant's Failure to Appear for 30(b)(6) Deposition as Ordered by the Court, ECF Nos. [131], [134], [140], [142]. In addition, the Court considered Defendant Oink Oink LLC's ("Oink") apparent refusal to participate and otherwise abide with the pre-trial deadlines and obligations set by the Court. Specifically, the Court considered the facts and circumstances set forth in Plaintiff's Certification Of Circumstances Regrading Joint Pretrial Stipulation, ECF No. [163], and Plaintiff's *Ore Tenus* Motion for Sanctions based on Defendant's refusal to collaborate in the preparation of the Court ordered Joint Pretrial Stipulation and other discovery misconduct. At the hearing, the undersigned heard from counsel for all parties and

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [85].

1

Intervenors.

For the reasons explained in more detail below, Defendant Oink has engaged in a pattern of misconduct which warrants entry of a default judgment.

**A. Oink's Violation of Court Orders**

This case was commenced on August 9, 2022. In the intervening twelve months, this Court has held numerous hearings to address various discovery and pre-trial misconduct, repeated willful violation of Court orders and other bad faith conduct by Defendant Oink. Indeed, the record in this action reflects that Oink has violated multiple court orders throughout the pendency of this case.

At the outset of the case, Defendant Oink stipulated that it would "continue to hold the $5,400,000 in the JP Morgan Chase Bank, N.A. account ending in 6011 until the earlier of (i) its receipt of a Joint Release Instruction, as defined in the 'Amendment #1 to Critical Material Purchase Escrow Agreement,' or (ii) an Order of this Court requiring transfer and/or authorizing disbursement." *See* Conferral Report, ECF No. [21] at p. 2 - Section 5(e). Its stipulation would later prove to be false. Indeed, shortly thereafter, Defendant Oink petitioned this Court (jointly with Plaintiff) for an order requiring the immediate return of the aforementioned $5,400,000 to Plaintiff. *See* Emergency Joint Motion To Release Funds And Stipulation To Consideration By Magistrate Judge, ECF No. [28], and Court's Order on the Parties' Emergency Joint Motion to Release Funds and Stipulation to Consideration by Magistrate Judge, ECF No. [32].

On November 2, 2022, the Court entered an Order granting the joint motion of the parties directing Oink to transfer $5,400,000.00 of the funds in dispute to the trust account of Plaintiff's counsel by November 3, 2022. *See* ECF Nos. [32], [35]. Even though Oink requested that the Court enter an order directing it to transfer those funds, Oink did not do so.

Defendant then petitioned this Court for a ten-day extension of time to comply with this

2

Court's Order on the Parties' Emergency Joint Motion to Release Funds and Stipulation to Consideration by Magistrate Judge, ECF No. [32], representing to this Court—under penalty of perjury pursuant to 28 USC § 1746—that "[d]espite diligent efforts and due to the structuring of the investment account holding the funds, JP Morgan Securities has recently advised that it will take approximately another 10 business days to de-structure the fund and release the funds in accordance with the Court's order." *See* Defendant Oink Oink, LLC's *Verified* Motion For Extension Of Time, ECF No. [36] at 1.  This Court denied Defendant's request for an extension and ordered it "to produce sworn documentary evidence from JP Morgan, no later than Close of Business Tuesday, November 8, 2022, verifying that JP Morgan was unable to effect a wire transfer, as represented by Defendant."  ECF No. [40] at 2.  Defendant Oink never complied with this Order.

Based on Oink's failure to transfer the funds, the Court granted in part Plaintiff's Motion for Sanctions arising from Oink's failure to transfer the funds as ordered, and required Oink to pay Plaintiff prejudgment interest on the $5,400,000.00 from the November 3, 2022 deadline until paid, as well as Plaintiff's attorneys' fees incurred in connection with its Motion for Sanctions. *See* ECF Nos. [40], [43].  The Court also ordered Defendant Oink to produce sworn documentary evidence verifying that JP Morgan, the financial institution which allegedly held the $5,400,000.00, was unable to effect a wire transfer as Defendant represented. *Id.*  Again, Oink did not comply with the Court's orders.

On November 9, 2022, the Court entered an order holding Oink in contempt for failing to comply with the Court's orders requiring it to transfer the funds at issue to Plaintiff's counsel's trust account, and imposed a fine of $50,000.00 per day until Oink transferred the funds as previously ordered.  *See* ECF No. [47].  To date, Oink has not purged its contempt or transferred the funds to the trust account of Plaintiff's counsel.

3

Oink's failure to comply with the Court's orders persisted into the discovery phase of the case. On March 30, 2023, this Court held a discovery hearing to address Defendant Oink's willful decision not to appear for a requested Rule 30(b)(6) deposition prior to the April 6th discovery cut-off. ECF Nos. [129], [130]. At that hearing, Plaintiff's counsel announced that Oink was willing to stipulate to the entry of Final Judgment in favor of Plaintiff as to all counts of Plaintiff's Complaint. However, Oink's counsel clarified that its stipulation was conditioned on reserving the right to appeal the Final Judgment as to the issues raised in Oink's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [53]. Rather than accept a conditional stipulation, the undersigned instead granted Plaintiff's *Ore Tenus* Motion to Compel and ordered Defendant Oink to "produce its corporate representative(s) for an in-person deposition pursuant to Plaintiff's Notices of Taking Federal Rule of Civil Procedure 30(b)(6) Deposition by 12:00 p.m. on April 3, 2023." ECF No. [131].

Once again, Defendant Oink willfully violated an Order of the Court. Not only did Oink fail to produce a witness as ordered by the undersigned, Oink's counsel informed the Court at an April 4, 2023 discovery hearing that it would not produce a corporate representative for deposition in this case. The record before this Court is devoid of any evidence of Defendant Oink having attempted to comply with this Court's Order or to produce a Corporate Representative for deposition as required by Rule 30(b)(6). Defendant's failure to produce a Corporate Representative for deposition as required by Rule 30(b)(6) severely prejudiced Plaintiff's ability to complete discovery of Defendant by the court-imposed discovery cut-off deadline of April 6th, and, as such, the rightful and expedient resolution of this case. On April 4, 2023, Plaintiff made its pending *Ore Tenus* Motion for Sanctions for Defendant's Failure to Appear for 30(b)(6) Deposition as Ordered by the Court, ECF Nos. [131], [134], [140], [142]. Still pending before the Court is what sanction is warranted given Oink's failure to produce its corporate representative

despite the Court's order to do so.

Finally, and most recently, Oink violated the Court's Scheduling Order by refusing to participate in preparation of the Joint Pretrial Stipulation. *See* ECF No. [163]. Specifically, the Order Setting Civil Trial Date and Pretrial Schedule expressly stated that "Counsel …must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below." ECF No. [14] at 4. On July 14, 2023, Plaintiff filed Plaintiff's Certification Of Circumstances Regarding Joint Pretrial Stipulation, ECF NO. [163], informing the court that Defendant Oink's counsel had advised by email that "Oink will be unable to defend itself at the trial," and that Defendant Oink "will no longer be defending/moving forward with this action" and that "Oink will not be submitting anything" to comply with the Court's Order Setting Civil Trial. *Id*. at ¶¶ 7, 9.

On July 17, 2023, Plaintiff filed a Motion for An Expedited Pretrial and/or Case Management Conference, to address "Defendant's latest decision to not defend itself at trial and to violate yet another court order." ECF No. [164] at ¶ 4.

On July 28, 2023, this Court convened a Status Conference, at which counsel for all parties and Intervenors was present. ECF No. [171]. Despite being given ample opportunity by the Court, counsel for Oink did not dispute any of Plaintiff's counsel's filings about Defendant Oink's refusal to comply with the Order Setting Civil Trial or Oink's announced decision not to defend this action. At the Status Conference, Plaintiff's counsel renewed Plaintiff's prior Motions For Sanctions and made Plaintiff's *Ore Tenus* Motion for Sanctions, requesting 1) the entry of a default judgment against Defendant Oink, 2) the award or pre-judgment interest from the date Plaintiff's escrow funds were transferred from Oink's Escrow Account and misappropriated by Contemnor Cesar Espitia, 3) the award of all attorneys' fees and cost incurred in the defense of this action and 4) an award of provable lost profits as compensatory sanctions for Defendant Oink's contemptuous

5

failure to comply with the two Court Orders requiring the immediate return of the $5,400,000 of Little River's escrowed funds and past and continuing pattern of bad faith and contumacious misconduct.

The Court afforded the parties one last opportunity to meet and confer. On July 31, 2023, Plaintiff's counsel advised this Court via e-mail that "Defendant Oink does not oppose the entry of a Default Judgment by the Court for the $6,420,000 claimed by Plaintiff," but that the parties were unable to reach further agreement on any other issues, including the entry of a stipulated Final Judgment.

### B. The Appropriate Sanctions for Oink's Violation of Court Orders

Rule 16 of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1). Rule 16 further provides that "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2). Rule 37 in turn provides that "[if] a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders … [including] … rendering a default judgment against the disobedient party…." FED. R. CIV. P. 37(b)(2)(A)(vi). Indeed, the record of this case, recited in part in this Report and Recommendation, amply supports this Court's finding of a recurring pattern of Defendant's bad faith and willful non-compliance with multiple Court orders, filing of false stipulations, misstatement of facts made in sworn pleadings, and general bad faith litigation conduct and past and continuing pattern of bad faith and contumacious misconduct.

Notably, lesser sanctions have proven ineffective to compel Oink's compliance with the Orders of this Court. This Court previously has found Defendant Oink in violation of a Court order and awarded the lesser sanctions of the award of 1) interest at the statutory pre-judgment rate as to a significant part of Plaintiff's claim and 2) attorneys' fees to Plaintiff for having to bring a prior Motion for Sanctions, ECF No. [38]. *See* Amended Order Memorializing November 4, 2022 Hearing, ECF No. [43]. When these lesser sanctions did not result in Defendant's compliance with this Court's orders, this Court then held Defendant Oink in Contempt of Court and awarded monetary sanctions, in the form of a substantial daily fine, for Defendant's "failure to comply with this Court's Orders requiring it to transfer the funds at issue to Plaintiff's counsel trust account." *See* Paperless Order Memorializing November 7, 2022, Hearing, ECF No. [47]. Despite these sanctions, Oink still continued to flout the Court's Orders. The Court finds that lesser sanctions have proven ineffective to compel Defendant Oink's compliance with orders of this Court.

This Court also finds that Defendant Oink has been on notice of the possibility of the Court's imposition of more severe sanctions. Plaintiff previously requested the entry of a Default Judgment as a result of Defendant's "continuing pattern of bad faith and contumacious conduct by Oink that includes repeated misstatement of facts to the District Court and to this Court, misinformation, mishandling of funds, egregious misconduct and repeated deception…" *See* Plaintiff's Motion for Sanctions, ECF No. [38] at 2. This Court expressly denied this request "without prejudice." ECF No. [43]. Plaintiff again renewed the prospect of the sanction of entry of a default judgment, by citing to Rule 37(b)(2)(A)(vi) in the Notice of Hearing for the March 30, 2023 Discovery Hearing, addressing Defendant's refusal to produce a for deposition as required by rule 30(b)(6). Instead of granting Plaintiff's prior requests for default judgment, this Court instead afforded Defendant ample opportunities to comply – only to have subsequent court orders violated. Despite ample warning of the possibility of a more severe sanction, Defendant Oink has

7

again failed to comply with an order of this Court.

### C. Recommendations

Therefore, for all the foregoing reasons, and based on the full record of these proceedings, it is **RECOMMENDED** that:

1. Plaintiff's various pending and renewed *Ore Tenus* Motion for Sanctions, ECF Nos. [38], [131], [134], [140], [142], [171], should be **GRANTED** as to sanctions against Defendant Oink. Pursuant to the inherent authority of this Court and the authority of Rule 16(f) and Rule 37(b)(2)(A)(iii) and (vi), the pleadings of Defendant Oink should be stricken and a default judgment against Defendant Oink in the principal amount of $6,420,000.00 as to Plaintiff's claims should be entered. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (upholding sanction of striking defendant's answer and entering default judgment); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987) (affirming district court's decision to strike the defendant's answers and enter a default judgment in favor of the plaintiff due to discovery abuses, including the defendant's pattern of delay and refusal to obey court orders). *See also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (affirming District Court's imposition of severe sanctions including striking of defendants' answers and counterclaims); *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1305 (11th Cir. 2006).

2. Plaintiff should be awarded prejudgment interest in the amount of Four Hundred Twenty Four Thousand Forty Two Dollars And Nineteen Cents ($424,042.19), calculated through July 31, 2023, with a per diem of $1,352.60 for each day thereafter until the entry of Final Judgment. *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774 (11th Cir. 2005) (prejudgment interest awarded from the date of theft of funds); *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289 (S.D. Fla. 2016); *CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, 2022 WL 225851 (S.D. Fla. Jan. 26, 2022); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1330 (S.D. Fla. 2009); *Vining v. Martyn*, 660 So. 2d 1081 (Fla.4th DCA 1995) (prejudgment interest awarded from the date of theft of funds); FLA. STAT. § 55.03.

3. Plaintiff should be awarded reasonable attorneys' fees and costs incurred in the defense of this action to be determined by the filing of a Motion for Attorneys' Fees and Costs in accordance with Local Rule 7.3(a) within sixty (60) days of the entry of Final Judgment. *Sergeeva v. Tripleton International Limited*, 834 F.3d 1194,1198 (11th Cir. 2016) (awarding money judgment of $234,983.58 in attorney's fees to plaintiff as "compensatory sanctions'); *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965) (awarding "the attorney's fees and the costs of bringing the proceedings").[2]

---

[2] The Court notes that Plaintiff has also made a motion for an order awarding it the demonstrable lost profits directly attributable to Oink's contemptuous failure to comply with the two Court Orders requiring the immediate return of the $5,400,000 of Little River's escrowed funds. The Court will not address this request at this juncture. Instead, Plaintiff may file a written motion to include whether there is any authority in this Circuit to support its request, the amount it requests, any factual proffer in support thereof, and, if necessary, a request for an evidentiary hearing.

### D. Objections

As counsel for the parties agreed at the status conference held on July 28, 2023, a party shall serve and file written objections, if any, to this Report and Recommendation with the District Court by **August 2, 2023**. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami-Dade, Florida, this 1st day of August 2023.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE