UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-22509-CIV-MARTINEZ-BECERRA

LITTLE RIVER TRANSPORT, LLC,

 Plaintiff,

v.

OINK OINK, LLC,

 Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

 **THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on all dispositive pretrial proceedings. (ECF No. 85.) Following a status conference on July 28, 2023, Judge Becerra filed an Omnibus Report and recommendation that dealt with various matters, including Plaintiff Little River Transport, LLC's various motions for sanctions (the "Motions for Sanctions"), (ECF Nos. 38, 131, 134, 140, 142, 171), based on Defendant Oink Oink, LLC's refusal to collaborate in the preparation of this Court's ordered Joint Pretrial Stipulation and misconduct during discovery (the "R&R"), (ECF No. 172). In the R&R, Judge Becerra recommended that (1) the Motions for Sanctions be granted, (2) Defendant's pleadings be stricken, (3) default judgment as to Plaintiff's claims should enter in Plaintiff's favor and against Defendant in the amount of $6,420,000.00, (4) Plaintiff be awarded prejudgment interest at the statutory rate from the dates of Defendant's wrongful disbursements, and (5) Plaintiff be awarded reasonable attorneys' fees and costs incurred in the defense of this action. (ECF No. 172 at 8.) Defendant timely filed its objection to the R&R (the "Objection"), (ECF No. 174), and Plaintiff responded to the Objection, (ECF No. 176). The time to object has now passed. (*See* ECF No. 172 at 9.) This Court perused the entire file and record, reviewed applicable law, and conducted a *de novo* review of the issue presented in the Objection and is otherwise fully advised in the premises.

 In the Objection, Defendant argues that Judge Becerra erred in finding that Plaintiff is

entitled to prejudgment interest on the initial $1,020,000.00 deposit from April 11, 2022, to May 10, 2022, as well as on the full $6,420,000.00 deposit from May 11, 2022, to the date of the Final Default Judgment. (ECF No. 174 at 2–3.) April 11, 2022, is the date on which Defendant wrongfully transferred the initial $1,020,000.00 deposit to the other party to the Escrow Agreement, Mineral Coals Logistica, S.A.S. ("Mineral Coals"). (*Id.* at 2.) May 11, 2022, is the date on which Defendant wrongfully transferred the remainder of the total amount deposited into an investment account in the name of Defendant's principal. (*Id.*) Defendant argues that prejudgment interest on the full $6,420,000.00 deposit should accrue from the date the escrow funds should have been returned to Plaintiff, which Defendant argues is November 2, 2022, rather than the date Defendant wrongfully disbursed Plaintiff's deposits. (*Id.* at 4–5.) In opposition, Plaintiff argues that the dates Defendant breached the Escrow Agreement are the dates Plaintiff sustained its losses: the dates of the wrongful disbursements. (ECF No. 176 at 8.) This Court agrees with Plaintiff that Judge Becerra correctly granted prejudgment interest from the dates the breaches of the Escrow Agreement occurred: April 11, 2022, when Defendant wrongfully disbursed the initial $1,020,000.00 deposit to Mineral Coals, and May 11, 2022, when Defendant wrongfully transferred the full $6,420,000.00 to an investment account. *See Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1257 n.12 (S.D. Fla. 2017) ("Where a claim sounds in contract, the prevailing party is entitled to prejudgment interest *from the date* the cause of action accrued at the Florida statutory rate." (first citing *Venn v. St. Paul Fire & Marine Ins.*, 99 F.3d 1058, 1068 n.14 (11th Cir. 1996); and then citing *Am. Dredging Co. v. Lambert*, 153 F.3d 1292, 1297 (11th Cir. 1998))). Here, the dates of the losses were the dates on which Plaintiff was "wrongful[ly] deprive[ed]" of its property: first, the initial $1,020,000.00 deposit, from April 11, 2022, to May 10, 2022, and second, the full $6,420,000.00 deposit (the initial $1,020,000.00 deposit plus the final deposit of $5,400,000.00) from May 11, 2022, to the date of the Final Default Judgment. *See Argonaut Ins. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985) ("Under the 'loss theory,' . . . neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiff's property. Plaintiff is to be made whole *from the date of the loss* once a finder of fact has determined the amount of damages and defendant's liability therefor." (emphasis added)). Because Plaintiff was deprived of its initial $1,020,000.00 deposit on April 11, 2022—before it made the final $5,400,000.00 deposit—Plaintiff is entitled

to prejudgment interest on the initial $1,020,000.00 deposit from April 11, 2022, to May 10, 2022. *See id.*; *Hirsch*, 232 F. Supp. 3d at 1257 & n.12 (granting plaintiff final judgment against defendant for breach of contract and setting prejudgment interest to accrue from date of breach to date of final judgment). Because May 11, 2022, is the date on which Plaintiff suffered the loss of its full $6,420,000.00 deposit, prejudgment interest on the full amount of the loss shall accrue at the statutory rate from that date. *See Argonaut Ins.*, 474 So. 2d at 215; *Hirsch*, 232 F. Supp. 3d at 1257 & n.12. Accordingly, after careful consideration, this Court finds that the issue raised in the Objection was already addressed in Judge Becerra's well-reasoned R&R and is without merit.

Therefore, it is **ADJUDGED** that the R&R, (ECF No. 172), is **AFFIRMED** and **ADOPTED** as set forth herein.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Objection, (ECF No. 174), is **OVERRULED**.
2. The Motions for Sanctions, (ECF Nos. 38, 131, 134, 140, 142, 171), are **GRANTED** as set forth in the R&R.
3. Defendant's pleadings are **STRICKEN**.
4. Plaintiff is entitled to final default judgment against Defendant, which shall enter by separate order.
5. Plaintiff shall be awarded **$6,420,000.00** in damages, plus allowable prejudgment interest as set forth herein and allowable post-judgment interest pursuant to 28 U.S.C. § 1961:

    a. Plaintiff shall be awarded prejudgment interest at the appropriate statutory rate set forth in section 55.03, Florida Statutes (2022), on the initial $1,020,000.00 deposit from April 11, 2022, to May 10, 2022.

    b. Plaintiff shall be awarded prejudgment interest at the appropriate statutory rate set forth in section 55.03, Florida Statutes, on the full $6,420,000.00 deposit from May 11, 2022, until the date of the Final Default Judgment.

6. Plaintiff shall be awarded reasonable attorneys' fees and costs incurred in the prosecution of this action, which sum shall be determined by separate order on Plaintiff's motion for attorneys' fees. This Court reserves jurisdiction to determine the amount of Plaintiff's award of reasonable attorneys' fees and costs.
7. Plaintiff **SHALL** file a motion for attorneys' fees and costs within **sixty days**

from the date of the Final Default Judgment.

8. This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this __7__ day of August, 2023.

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE